918 F.2d 225
 287 U.S.App.D.C. 19
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
MAZZOLI S.R.L., Appellant,
v.
Donald ANDERSON, et al.
 No. 89-7111.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 27, 1990.
 
 Before BUCKLEY, SENTELLE and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the attached memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by the court that the judgment of the District Court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 For substantially the reasons given in the trial court's opinion, we affirm the decision that the evidence did not warrant piercing Dupont Trading, Inc.'s corporate veil, the dismissal of the fraud claim, the limitation on Mazzoli, S.R.L.'s discovery, and the finding that the settlement offer did not impose individual liability on defendant Anderson. We further hold that the judge acted within her discretion when she admitted in evidence defense documents provided to Mazzoli's counsel after the bulk of discovery but more than a month before trial. While we have some reservations about the judge's dismissal without prejudice of the claim against the corporate defendant without giving plaintiff's counsel the opportunity to object, we see no need to disturb the dismissal. At oral argument, Mazzoli's counsel suggested that Dupont did not have assets to satisfy a judgment, and Mazzoli remains free to seek a remedy in bankruptcy court or, if need be, in a second district court action.